UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FARRELL BRAYER<br><br>    Plaintiff,<br><br>    v.<br><br>ST. CLARE HOSPITAL, FRANCISCAN HEALTH SYSTEMS, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1199 NORTHWEST, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 6 STAFF UNION, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 6<br><br>    Defendants. | NO. C06-5291 RBL<br><br>AMENDED COMPLAINT FOR DAMAGES |

COMES NOW Plaintiff, Farrell Brayer, by and through her Attorney of Record, John David Terry, II, of the Law Offices of John David Terry, II, P.C. and makes claim against the Defendants, St. Clare Hospital of the Franciscan Health Systems, Service Employees International Union Local 1199 Northwest, Service Employees International Union Local 6, and Service Employees International Union Local 6 Staff Union, alleging as follows:

PART I – PARTIES

1.1    Plaintiff, Farrell Brayer, is a resident of the State of Washington, residing at 5015 North 22nd Street, Tacoma, Pierce County, Washington 98406.

COMPLAINT FOR DAMAGES - PAGE - 1

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323  Fax: 253-838-1105

1.2     Defendant, St. Clare Hospital is medical services facility within the Franciscan Health System network of hospitals. The Plaintiff was employed at the Lakewood location, situated at 11315 Bridgeport Way, Southwest, Lakewood, Pierce County, Washington 98499. CT Corporation, located at 520 Pike Street, Seattle, King County, Washington 98101, serves as the registered agent for service of process for Franciscan Health Systems, which is a non-profit public benefit corporation.

1.3     Defendant, Service Employees International Union Local 1199 Northwest (hereinafter "1199NW"), is a state chapter of the national Service Employees International Union (hereinafter "SEIU"). 1199NW's offices are located at 15 South Grady Way, Suite 200, Renton, King County, Washington 98055. 1199NW is not incorporated. The union president is Diane Sosne and the staff attorney is Geoff Miller; both maintain offices at 15 South Grady Way, Suite 200 in Renton, Washington.

1.4     Defendant, Service Employees International Union Local 6 (hereinafter "Local 6"), is a state chapter of SEIU. Local 6 is located at 150 Denny Way, Seattle, King County, Washington 98109. Local 6 is not incorporated. Sergio Salinas serves as president for Local 6 and maintains an office at the same address as the union offices.

1.5     Defendant, Service Employees International Union Local 6 Staff Union (hereinafter "Staff Union") is a non-profit corporation, and is affiliated with Local 6. It offices are located at 150 Denny Way, Seattle, King County, Washington 98109, and Fred Prockiw serves as the registered agent for service of process.

PART II – FACTS

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323  Fax: 253-838-1105

2.1 Farrell Brayer has been employed with the Franciscan Health System since 1987 as a Respiratory Care Practitioner in the Cardiopulmonary Department. Ms. Brayer's duties have been primarily completed at St. Clare Hospital and this is the location wherein the present dispute arises.

2.2 Throughout her career and until the time period at issue in this complaint, Farrell Brayer has received exemplary performance evaluations for the method in which she completed the tasks associated with her position at St. Clare Hospital.

2.3 At some point prior to this dispute, Ms. Brayer began voluntary service as the Union Shop Steward for her local healthcare workers union. It appears that her service was performed in conjunction with Local 6 and 1199NW.

2.4 The relationship between Local 6, Staff Union, and 1199NW is unknown at the present, but it appears that initial grievances were forwarded to Local 6. Later communications between Farrell Brayer and her union representatives, including investigation pertaining to her termination, were conducted by 1199NW. Ms. Brayer has served as Shop Steward for both organizations.

2.5 In or about 2001, Farrell Brayer began to suffer from disparate and hostile treatment by her supervisor, Carrie Ford. Ms. Brayer contacted the Human Resources Department for the hospital and Local 6/Staff Union/1199NW to raise her concerns. No corrective action was taken.

2.6 Farrell Brayer began to feel discriminated against by her supervisor. She was treated differently than other employees and was the constant victim of Carrie Ford's hostility. Consequently, the excellence of Farrell's evaluations began to decline for reasons other

COMPLAINT FOR DAMAGES - PAGE - 3

than actual performance. Ms. Brayer disputed the claimed the shortcomings in the employee comment section of her evaluations.

2.7 Farrell Brayer also began wearing a pin, attached to her clothing, which evidenced her membership with Local 6, Staff Union, 1199NW, and/or SEIU. Because of Farrell's association with the foregoing organizations, as well as wearing the decorative pin that described her union affiliation, she began to suffer from disparate and hostile treatment, including being sent home without pay for "dress code" violations.

2.8 Farrell was aware personally, and by informant, that her supervisor, Carrie Ford, wanted her employment with St. Clare Hospital terminated for non-performance related reasons; and, her performance started to decline, accordingly, in the opinion of Carrie Ford.

2.9 Ms. Brayer made numerous complaints, verbal and written, to the Human Resources Manager for the hospital, as well as to her union representatives at Local 6, Staff Union, and/or 1199NW. No efforts were made to correct the hostile situation that Farrell was forced to endure. Moreover, her requests for accommodations were also denied, including requests for time-off under the Family and Medical Leave Act (FMLA).

2.10 After a few "unsatisfactory" performance warnings and infractions related to wearing the union pin, Farrell Brayer was forced to sign a "Last Chance Agreement" in October of 2003 in order to continue her employment with the hospital. Although she had been a member and Shop Steward for Local 6 and 1199NW for many years, those organizations failed to take adequate action to represent Ms. Brayer's interests in the events leading up to the Last Chance Agreement.

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105

2.11 On November 14, 2003, Farrell Brayer was terminated from her employment with St. Clare Hospital and the Franciscan Health Care System for responding to a concerned patient regarding his/her treatment. Ms. Brayer's supervisors and/or the hospital Human Resources Department deemed this action "gross misconduct" and a violation of Last Chance Agreement.

2.12 Farrell Brayer filed another grievance with 1199NW regarding her termination from employment with St. Clare and the Franciscan Health System. She asserted that St. Clare Hospital breached the employment agreement and detailed what sections were violated.

2.13 On December 2, 2003, 1199NW declared that there had been no adverse action against Ms. Brayer by her employer under the employment agreement despite a plethora of evidence to the contrary.

2.14 Farrell Brayer filed for unemployment compensation after her termination, which was wrongfully opposed by St. Clare Hospital and/or the Franciscan Health System.

2.15 Ms. Brayer had been in repeated and constant contact with the National Labor Relations Board (NLRB) regarding her complaints of unfair labor practices. On December 8, 2005, after a deferral under the "Collyer Policy," the NLRB sent a letter to Farrell Brayer that the "Union" and "Employer" agreed to resume processing the Plaintiff's allegations under the contractual grievance procedure. It is now over two years since Ms. Brayer has filed her wrongful termination grievance, and no corrective action has taken place.

PART III – JURISDICTION

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105

3.1 The Plaintiff's claims of action are brought pursuant to Federal labor law, including the National Labor Relations Act (NLRA), the Labor Management Relations Act (LMRA), and the Labor Management Reporting and Disclosure Act (LMRDA).

3.2 Jurisdiction is proper in Federal District Court.

PART IV – COUNTS ALLEGED

**Count 1 – Breach of Contract**

4.1 The foregoing paragraphs are incorporated herein as alleged.

4.2 Farrell Brayer was a member of Local 6, Staff Union, 1199NW, and/or SEIU, which are employee unions. Local 6, Staff Union, and/or 1199NW entered into a collective bargaining agreement with St. Clare Hospital and the Franciscan Health System for the benefit of their members.

4.3 The employment agreement between St. Clare Hospital and Local 6, Staff Union, and/or 1199NW stated that employees could only be discharged for cause. The reasons for Farrell Brayer's discharge were manufactured by hostile and combative supervisor.

4.4 The Defendant, St. Clare Hospital of the Franciscan Health System, violated the terms of the employment agreement by terminating Farrell Brayer without just cause.

4.5 Consequently, St. Clare's actions constitute an unfair labor practice under the National Labor Relations Act (NLRA), a violation of Section 301 of the LMRA, as well as wrongful termination, causing the Plaintiff damages in an amount to be proven at trial.

**Count 2 – Breach of Duty of Fair Representation**

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105

4.6 Defendants, Local 6, Staff Union, and 1199NW, had an affirmative duty to zealously represent Farrell Brayer after she filed a grievance for termination of her employment. The law has recognized that under the duty of fair representation, a union must represent fairly the interests of all bargaining unit members during the negotiation, administration, and enforcement of collective bargaining agreements

4.7 Local 6, Staff Union, and 1199NW neither provided adequate representation, nor properly investigated Plaintiff's claims against St. Clare Hospital under the employment agreement.

4.8 Local 6, Staff Union, 1199NW have breached the duty of fair representation by not properly investigating or processing Farrell Brayer's claims, causing damages in an amount to be proven at trial.

**Count 3 – Violation of Right to Free Speech and Free Association**

4.9 All citizens are guaranteed the right to free speech and free association under the First Amendment of the U.S. Constitution. Moreover, existing labor laws have historically sought to mimic the speech and association protections of the First Amendment under various acts and regulations. Section 101 of the Labor-Management Reporting and Disclosure Act (LMRDA), codified at 29 U.S.C. § 411, explicitly protects an employee's right to free speech.

4.10 Farrell Brayer was subject to hostile treatment because of her association with Local 6, Staff Union, 1199NW, and/or SEIU. She also faced adverse action by her employer by wearing a pin that identified her union affiliation.

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105

4.11 Hostile and adverse action by St. Clare Hospital against Farrell Brayer is in violation of the First Amendment and the LMRDA, causing the Plaintiff damages in an amount to be proven at trial.

**Count 4 – Emotional Distress**

4.12 Because of the hostile environment created by supervisor Carrie Ford and St. Clare Hospital, Farrell Brayer was constantly the victim of emotional anguish. Moreover, Local 6, Staff Union, and/or 1199NW failures to process her grievances caused Ms. Brayer emotional damages in an amount to be proven at trial.

**Count 5 – Violation of FMLA**

4.13 St. Clare Hospital of the Franciscan Health Systems was arbitrary and discriminatory in its allowance of qualified Family and Medical Leave Act time-off, causing the Plaintiff damages in an amount to be proven at trial.

**Count 6 – Wrongful Opposition to Unemployment Benefits**

4.14 St. Clare Hospital willfully opposed Farrell Brayer's qualifying application for unemployment compensation. The opposition was based on unfair labor practices and the recommendation of a hostile and combative supervisor.

4.15 The denial was unemployment compensation was inappropriate, causing the Plaintiff damages in an amount to be proven at trial.

PART V – RESERVATION OF CLAIMS

COMPLETE FOR DAMAGES - PAGE - 8

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105

5.1 The Plaintiff reserves the right to bring any and all additional claims that may arise by way of future investigation, disclosure, or discovery.

## PART VI – PRAYER FOR RELIEF

WHEREFORE, having fully complained, the Plaintiff respectfully requests the following:

1. For judgment against the Defendants;
2. For an award of back-pay, plus accrued interest;
3. For immediate reinstatement of the Plaintiff to her prior position of employment;
4. For the Court to award the Plaintiff her costs and disbursements herein, including reasonable attorney's fees;
5. For such other and further relief as the Court may deem just and fair.

DATED this 25th day of July, 2006.

LAW OFFICES OF JOHN DAVID TERRY, II, PC

s/John David Terry, II
John David Terry, II, W.S.B.A. #8301
Law Offices of John David Terry, II, P.C.
33515 10th Place South, Building 10
Federal Way, Washington 98003
Phone: (253) 946-4323
Fax:    (253) 838-1105
E-mail: jdtlaw@nwlink.com

COMPLAINT FOR DAMAGES - PAGE - 9

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105