HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FARRELL BRAYER,

    Plaintiff,

v.

ST. CLARE HOSPITAL, FRANCISCAN HEALTH SYSTEMS, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1199 NORTHWEST, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 6 STAFF UNION,

    Defendants.

Case No. C06-5291  RBL

ORDER DIRECTING A RESPONSE FROM PLAINTIFF BRAYER REGARDING DEFENDANTS' MOTION TO DISMISS

    Pending before the Court are Defendants' Motions to Dismiss Pursuant to FRCP 12(b), Dkt. No.18 & 19. St. Clare asks this Court to dismiss Plaintiff Brayer's Complaint, arguing that this Court lacks subject matter jurisdiction over Count 1, Breach of Contract; Count 3, Violation of Right to Free Speech and Free Association; and Count 4, Emotional Distress.[1] Brayer's Amended Complaint and her Response to St. Clare's Motion to Dismiss are unclear as to the legal bases for Counts 1, 3, and 4. In her Response, Brayer asks the Court for leave to amend her Complaint to further clarify the issues before the Court.

    To aid the Court in determining whether it has subject matter jurisdiction over her claims, Brayer shall

---

[1] SEIU 1199 NW and SEIU Local 6 (the "Unions") do not raise the issue of whether this Court has subject matter jurisdiction in their Motion to Dismiss. However, Brayer should address the issue in her Second Amended Complaint.

ORDER
Page - 1

submit a Second Amended Complaint clarifying the legal bases for all of her claims against St. Clare and the Unions. With regard to Count 1, Brayer seems to base her claim on St. Clare's alleged violation of the Collective Bargaining Agreement (CBA). However, Brayer also seems to base her cause of action in Count 1 on St. Clare's alleged violation of the National Labor Relations Act (NLRA) and the Labor Management Relations Act (LMRA).

Likewise, with regard to Count 3, Brayer seems to base her claim on St. Clare's alleged violation of the First Amendment of the U.S. Constitution and the Labor Management Reporting and Disclosure Act (LMRDA). However, Brayer requested leave to amend her complaint to "re-characterize" this cause of action as a violation of the NLRA.

Finally, with regard to Count 4, Brayer seems to make a tort claim for emotional distress. Yet, in her Response to Defendants' Motion to Dismiss, she argues that her claim for emotional distress is related to her breach of contract claim in Count 1 and is actionable as unfair labor practices under the NLRA.

This Court does not ordinarily have subject matter jurisdiction over causes of action involving activities which are "either arguably protected by § 7 or arguably prohibited by § 8 of the NLRA." *William E. Arnold Co. v. Carpenters District Council of Jacksonville and Vicinity*, 417 U.S. 12, 15 (1974) (citations omitted). Instead, the National Labor Relations Board has exclusive jurisdiction. *Id.* at 16. However, if "the activity in question also constitutes a breach of a collective-bargaining agreement, the [National Labor Relations Board's] authority 'is not exclusive and does not destroy the jurisdiction of the courts in suits under § 301.'" *Id.*

Brayer shall submit her Second Amended Complaint by February 13, 2007. Any further reply by St. Clare and the Unions in support of their Motions to Dismiss shall be submitted by February 16, 2007.

DATED this 6th day of February, 2007.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 2