Hon. Ronald B. Leighton

IN THE DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FARRELL BRAYER

    Plaintiff,

v.

ST. CLARE HOSPITAL, FRANCISCAN HEALTH SYSTEMS, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1199 NORTHWEST, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 6, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 6 STAFF UNION

    Defendants.

No. C06-5291 RBL

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Farrell Brayer, by and through the undersigned, and makes claim against the Defendants named herein, alleging as follows:

## I. PARTIES

1.1 Plaintiff, Farrell Brayer, is a resident of the State of Washington, residing at 5015 North 22nd Street, Tacoma, Pierce County, Washington 98406.

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES - PAGE - 1

1.2 Defendant, St. Clare Hospital is medical services facility within the Franciscan Health System network of hospitals. The Plaintiff was employed at the Lakewood location, situated at 11315 Bridgeport Way, Southwest, Lakewood, Pierce County, Washington 98499. CT Corporation, located at 520 Pike Street, Seattle, King County, Washington 98101, serves as the registered agent for service of process for Franciscan Health Systems, which is a non-profit public benefit corporation.

1.3 Defendant, Service Employees International Union Local 1199 Northwest (hereinafter "1199NW"), is a state chapter of the national Service Employees International Union (hereinafter "SEIU"). 1199NW's offices are located at 15 South Grady Way, Suite 200, Renton, King County, Washington 98055. 1199NW is not incorporated. The union president is Diane Sosne and the staff attorney is Geoff Miller; both maintain offices at 15 South Grady Way, Suite 200 in Renton, Washington.

1.4 Defendant, Service Employees International Union Local 6 (hereinafter "Local 6"), is a state chapter of SEIU. Local 6 is located at 150 Denny Way, Seattle, King County, Washington 98109. Local 6 is not incorporated. Sergio Salinas serves as president for Local 6 and maintains an office at the same address as the union offices.

1.5 Defendant, Service Employees International Union Local 6 Staff Union (hereinafter "Staff Union") is a non-profit corporation, and is affiliated with Local

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES - PAGE - 2

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105

6. It offices are located at 150 Denny Way, Seattle, King County, Washington 98109, and Fred Prickow serves as the registered agent for service of process.

## II. FACTS

2.1 Farrell Brayer was employed by St. Clare/Franciscan/Catholic Health Initiatives (hereinafter "St. Clare") as a Respiratory Therapist in the Cardiopulmonary Department of the Hospital pursuant to the collective bargaining agreement. She was also a member of the non-professional hospital workers unions, Service Employees International Union Local 6 (hereinafter "Local 6") and Service Employees International Union Local 1199 Northwest (hereinafter "1199NW").

2.2 The relationship between Local 6, Staff Union, and 1199NW is unknown at the present, but it appears that initial grievances were forwarded to Local 6. Later communications between Farrell Brayer and her union representatives, including investigation pertaining to her termination, were conducted by 1199NW. Both Local 6 and 1199NW entered into collective bargaining agreements with St. Clare and served as the exclusive bargaining representative for their members.

2.3 While working at St. Clare, Farrell Brayer was an outspoken advocate for employee rights, as well as a representative for both Local 6 and 1199NW. She served as Shop Steward, a point of contact for union members and hospital administration, during much of her term of employment with St. Clare and was therefore in constant contact with her supervisors and other employees.

2.4 Ms. Brayer's duties as a Shop Steward included keeping union members informed of their protected rights, mediating disputes between parties, and presenting

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES - PAGE - 3

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105

complaints, concerns, or grievances to either the applicable union or St. Clare administration under the grievance-arbitration procedure outlined in the collective bargaining agreement. It is important to note that under the Step 1 of the Grievance Procedure, an employee, or Farrell Brayer on such employee's behalf, would be required to present the initial complaint, concern, or grievance to the employee's immediate supervisor. Without doubt, Farrell Brayer's constant contact with her supervisor, Carrie Ford, concerning employee grievances, including her own, contributed to the hostile and toxic relationship between the Plaintiff and her supervisor.

2.5  As a result of being an active union member and participant in union events, Farrell Brayer was continually involved in concerted union activities, including: (1) wearing union pins, stickers, or other articles identifying union membership; (2) receiving and disseminating union information to employees; (3) assembling with fellow union members to advocate for employee rights; (4) striking; and (5) meeting with other employees and/or union members during non-working times that did not interfere with the work of other employees. Because of Farrell Brayer's association with Local 6 and 1199NW, as well as wearing the decorative pin that described her union affiliation, she began to suffer from disparate and hostile treatment, including being sent home without pay for purported "dress code" violations, in derogation of the collective bargaining agreement.

2.6  In mid-1990s Farrell Brayer cleaned and organized the cluttered cardiopulmonary storage room in St. Clare Hospital and utilized it as an assembly station to

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES - PAGE - 4

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323  Fax: 253-838-1105

package "vent bags" on the utility table therein, while sitting on a stool, for the purpose of providing the respiratory care functions of her position. Ms. Brayer also assembled these "vent bags" for other respiratory workers in the hospital. Moreover, from time to time, Farrell Brayer would use the room to enter information pertaining to Quality Control – Calibration into the appropriate log books.

2.7 Later, Farrell Brayer began to use the storage room for confidential meetings with other employees related to employee rights under the collective bargaining agreement or other union affairs. When Carrie Ford learned of Farrell Brayer's union activities in the storage room, she removed the stool used by the Plaintiff to sit down. Ms. Brayer would retrieve the stool, which was unused and not needed in other areas of the hospital, and Carrie Ford would remove it again. Finally, Carrie Ford had the stool taken to St. Joseph's Hospital in Tacoma. Farrell Brayer then bought her own stool, brought it to St. Clare Hospital, and began using it in the storage room. Carrie Ford demanded that Ms. Brayer remove the stool from the hospital because personal effects were not allowed in the storage room. By depriving Farrell Brayer of the use of a stool, Carrie Ford violated employee rights recognized by the collective bargaining agreement. The utility table that Farrell Brayer used to package the "vent bags" in the storage room also mysteriously disappeared.

2.8 In 2002, Farrell Brayer developed a urethral tumor and was diagnosed with cancer. The disease affected Ms. Brayer's urethra, limiting her ability to control

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES - PAGE - 5

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105

functions related to using the restroom. Understandably, Farrell Brayer tried to keep her condition and the nature of her limitations private. She began to feel pressured and accused of misconduct by Carrie Ford for taking restroom breaks, in accordance with the collective bargaining agreement, despite the fact that the level and quality of her work was not diminished. As the severity of her condition increased, Farrell Brayer informed the administration and Human Resources Department at St. Clare that she suffered from a medical condition that required immediate access to the restroom at unknown intervals, including time to change clothes if a "personal-incident" occurred. During this time, Farrell Brayer's supervisor, Carrie Ford, was unrelenting in her adversarial contact with the Plaintiff, and unwilling to accept Farrell Brayer's explanations of temporary detainments in the restroom in violation of the collective bargaining agreement. Moreover, Farrell Brayer was habitually harassed in violation of the collective bargaining agreement.

2.9 While on FMLA leave, Farrell Brayer learned through a co-worker that Carrie Ford intended to terminate her employment if she did not return to work right away in derogation of the collective bargaining agreement. Despite physical pain and limitations after surgery, Ms. Brayer returned to her position at St. Clare to avoid adverse action by her supervisor. In doing so, Farrell Brayer requested to resume her employment part-time while she recovered. Her request was arbitrarily denied by Carrie Ford in violation of the collective bargaining agreement.

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323  Fax: 253-838-1105

2.10 St. Clare is an extremely busy hospital, and is chronically understaffed for the number of patrons that it serves. Therefore, many employees within the hospital have multiple roles and often serve as "back-ups" for other departments or employees. On one occasion, Farrell Brayer asked Christy Burkhart, a "back-up" person that generally worked in the treadmills department, to conduct an EKG on a patient while she went to the restroom. Carrie Ford accused Ms. Brayer of asking another employee to do her work. On another occasion, Farrell Brayer was working in the Emergency Room with Dr. Steve Fredricks and consequently had not yet performed non-emergency EKGs on patients that were assigned to the night-shift respiratory therapist. Farrell Brayer started her shift at 6:00 AM that morning and could not perform the EKGs left over from the former evening because of the extremely high volume of patients in the Emergency Room. Farrell Brayer immediately contacted her supervisor, Carrie Ford, regarding the situation when it became apparent that she would not be able to conduct the non-emergency EKGs in a timely fashion. Carrie Ford responded by confronting Ms. Brayer in the Emergency Room in front of the patient that she was treating and scolded her for not performing the aforementioned EKGs.

2.11 Likewise, there were often misunderstandings or scheduling issues that occurred in the hospital and Farrell Brayer was routinely blamed by her supervisor, Carrie Ford, despite evidence to the contrary. Horst Nole, a respiratory therapist, unilaterally reassigned Farrell Brayer's patients to another therapist, putting the patients in danger by exposing them to the risk of double treatment because he did

not inform Ms. Brayer of the reassignment.  Carrie Ford promptly faulted Farrell Brayer for the mistake and the risk to the patients.  In another instance, Farrell Brayer was rebuked by Carrie Ford for failing to perform "tube care" on a hospital patient.  Farrell Brayer had performed the work and noted it on the "7:00 AM Check List" that Carrie Ford failed to review.  Ms. Brayer informed her supervisor that the "tube care" had been completed and noted, but Carrie Ford would not remove the notice of warning and memorandum explaining "tube care" procedures from Farrell Brayer's employee file.

2.12 Notwithstanding the foregoing difficulties pertaining to her employment with St. Clare, Farrell Brayer was also the subject of cruel jokes and embarrassing innuendo.  One employee in particular, Horst Nole, who should not have been aware of Ms. Brayer's medical issues, would make intermittent remarks about the employee break room, or other areas of the hospital, smelling like urine, insinuating that Farrell Brayer had soiled herself.  It became very clear to Ms. Brayer that someone within the St. Clare administration, human resources, or her supervisor had betrayed her confidential communications related to her urethral cancer.

2.13 St. Clare issued a Last Chance Agreement to Ms. Brayer, which violated the "due process" and "just cause" provisions of the collective bargaining agreement. Although Farrell Brayer did not agree with the terms of the Last Change Agreement or the basis for its implementation, she was forced to sign it in order to keep her job beyond the date that the agreement was executed.

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way,  WA  98003
Phone:  253-946-4323  Fax: 253-838-1105

2.14 In November of 2003, Farrell Brayer received a page regarding a patient that needed treatment. When she reported to the patient's room, Farrell Brayer found that the patient was suffering unnecessarily because of the actions and inexperience of a "student nurse." The patient was in need of respiratory therapy and medication, which Ms. Brayer told the "student-nurse" to provide upon responding to the page. However, the "student-nurse" would neither give the patient the necessary therapy, nor allow the patient to self-administer an inhalant that was provided at bedside for use. Farrell Brayer, an experienced respiratory therapist, gave the patient the medical care required and sternly informed the "student-nurse" that her conduct was improper and unacceptable. For the foregoing incident, Farrell Brayer was terminated pursuant to the Last Chance Agreement. Her actions pertaining to alleviating a patient's labored breathing and educating a misguided student were deemed "gross misconduct," resulting in her dismissal from employment with St. Clare.

2.15 During the term of her employment, Farrell Brayer made numerous complaints and filed grievances concerning the acts of her supervisor, Carrie Ford, alleged unfair labor practices by St. Clare, other violations of employee rights, as well as the circumstances leading up to the Last Chance Agreement and her subsequent termination. Farrell Brayer was repeatedly informed by her union representatives, and in writing, that Local 6 and/or 1199NW would represent Ms. Brayer in her disputes with St. Clare. Unfortunately, the statements and actions of Farrell Brayer's union representatives were empty promises, as neither Local 6, nor

1199NW effectively represented her concerns, despite their assurances to the contrary.

2.16 On December 8, 2005, the NLRB sent a letter, copied to Farrell Brayer, 1199NW, and St. Clare, acknowledging receipt of St. Clare/1199NW's agreement to resume processing of Farrell Brayer's grievance under the collective bargaining agreement that was still applicable to Farrell Brayer. After receiving no evidence of resolution of her grievances, Farrell Brayer instituted the present action in May of 2006.

### III. JURISDICTION

3.1 The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Jurisdiction is proper in Federal District Court for the unions' breach of the duty of fair representation under the Federal Question Doctrine. See generally, 28 U.S.C. § 1331.

3.2 Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. 29 U.S.C. § 185(a). Jurisdiction is proper in Federal District Court for hybrid breach of duty of fair representation/breach of contract claims under Section 301 of the LMRA. See generally, 29 U.S.C. § 185(a).

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105

## IV. COUNTS ALLEGED

**Count 1 – Breach of Contract by St. Clare**

4.1 St. Clare breached the preamble of the collective bargaining agreement through the facts stated above, including but not limited to, subjecting Farrell Brayer to hostile treatment by her supervisor, failing to respond to grievances, and for terminating Ms. Brayer without just cause.

4.2 St. Clare breached Article 2 of the collective bargaining agreement through the facts stated above, including but not limited to, terminating Farrell Brayer without just cause, failing to process her grievances, and limiting her use of medical leave under the FMLA, as well as Article 14 of the collective bargaining agreement.

4.3 St. Clare breached Article 4 of the collective bargaining agreement through the facts stated above, including but limited to, preventing Farrell Brayer from performing the contractual duties of a union steward, and impairing her ability to use certain facilities on personal time or break time.

4.4 St. Clare breached Article 6 of the collective bargaining agreement through the facts stated above, including but not limited to, discharging Farrell Brayer without just cause, manufacturing elements of "progressive discipline," basing "progressive discipline" on misunderstandings inappropriately impugned against Farrell Brayer, and basing discipline and/or discharge on disputed facts under review through the grievance-arbitration procedure.

4.5 St. Clare breached Article 8 of the collective bargaining agreement through the facts stated above, including but not limited to, unduly burdening and limiting

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105

Farrell Brayer's meal and rest periods as authorized by the employment agreement.

4.6 St. Clare breached Article 14 of the collective bargaining agreement through the facts stated above, including but not limited to, materially limiting or threatening to limit Farrell Brayer's use of qualifying leave under the FMLA and the employment agreement.

4.7 St. Clare breached Article 16 of the collective bargaining agreement through the facts stated above, including but not limited to, failing to properly engage in the grievance-arbitration procedure.

4.8 St. Clare is aware of Plaintiff's continuing contractual rights pertaining to the collective bargaining agreement as referenced in the correspondence referred to in Section 2.16. Moreover, St. Clare revived any interest of the Plaintiff that may have arisen out of the term of her employment or termination because of their agreement to continue processing her complaint under the grievance-arbitration process of the collective bargaining agreement.

4.9 The foregoing conduct of Defendant St. Clare constitutes material breaches of the collective bargaining agreement, causing Farrell Brayer damages in an amount to be determined at trial, including but not limited to, back-pay, plus accrued interest.

**Count 2 – <u>Breach of Duty of Fair Representation by Local 6/1199NW</u>**

4.10 Local 6 and/or 1199NW breached their duty of fair representation to Farrell Brayer under the collective bargaining agreement by failing to fully and

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105

adequately represent her interests concerning, but not limited to, the allegations contained in Section 4.1.

4.11 Local 6 and/or 1199NW breached their duty of fair representation to Farrell Brayer under the collective bargaining agreement by failing to fully and adequately represent her interests concerning, but not limited to, the allegations contained in Section 4.2.

4.12 Local 6 and/or 1199NW breached their duty of fair representation to Farrell Brayer under the collective bargaining agreement by failing to fully and adequately represent her interests concerning, but not limited to, the allegations contained in Section 4.3.

4.13 Local 6 and/or 1199NW breached their duty of fair representation to Farrell Brayer under the collective bargaining agreement by failing to fully and adequately represent her interests concerning, but not limited to, the allegations contained in Section 4.4.

4.14 Local 6 and/or 1199NW breached their duty of fair representation to Farrell Brayer under the collective bargaining agreement by failing to fully and adequately represent her interests concerning, but not limited to, the allegations contained in Section 4.5.

4.15 Local 6 and/or 1199NW breached their duty of fair representation to Farrell Brayer under the collective bargaining agreement by failing to fully and adequately represent her interests concerning, but not limited to, the allegations contained in Section 4.6.

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323  Fax: 253-838-1105

4.16 Local 6 and/or 1199NW breached their duty of fair representation to Farrell Brayer under the collective bargaining agreement by failing to fully and adequately represent her interests concerning, but not limited to, the allegations contained in Section 4.7.

4.17 Local 6 and/or 1199NW is aware of Plaintiff's continuing contractual rights pertaining to the collective bargaining agreement as referenced in the correspondence referred to in Section 2.16. Moreover, Local 6 and/or 1199NW revived any interest of the Plaintiff that may have arisen out of the term of her employment or termination because of their agreement to continue processing her complaint under the grievance-arbitration process of the collective bargaining agreement.

4.18 The foregoing conduct of Defendants Local 6 and 1199NW constitute material breaches of the duty of fair representation under the collective bargaining agreement, causing Farrell Brayer damages in an amount to be determined at trial, including but not limited to, back-pay, plus accrued interest.

**Count 3 – <u>Emotional Distress</u>**

4.19 The conduct of the Defendants herein constitutes intentional breach of the collective bargaining agreement and the duty of fair representation.

4.20 The law allows claims of infliction of emotional distress as an element of damages for breach of contract where the breach is intentional, wanton, or reckless and the defendant had reason to know the breach would cause mental suffering for reasons other than pecuniary loss.

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES - PAGE - 14

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323 Fax: 253-838-1105

4.21 The conduct of the Defendants described above caused the Plaintiff emotional distress damages in an amount to be proven at trial.

**Count 4 – <u>Violation of FMLA and Medical Leave Provisions of Contract</u>**

4.22 St. Clare Hospital of the Franciscan Health Systems was arbitrary and discriminatory in its allowance of qualified medical leave under the provisions of the FMLA and the collective bargaining agreement, causing the Plaintiff damages in an amount to be proven at trial.

4.23 Local 6 and/or 1199NW was arbitrary and perfunctory in the fulfillment of their duty of fair representation pertaining to Farrell Brayer's medical leave under the FMLA and the collective bargaining agreement, causing the Plaintiff damages in an amount to be proven at trial.

## V. RESERVATION OF CLAIMS

5.1 The Plaintiff reserves the right to bring any and all additional claims that may arise by way of future investigation, disclosure, or discovery.

## VI. PRAYER FOR RELIEF

WHEREFORE, having fully complained, the Plaintiff respectfully requests the following:

1. For judgment against the Defendants;

2. For an award of back-pay, including accrued interest;

3. For immediate reinstatement of the Plaintiff to her prior position of employment;

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES - PAGE - 15

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323  Fax: 253-838-1105

4. For the Court to award the Plaintiff her costs and disbursements herein, including reasonable attorney's fees;

5. For such other and further relief as the Court may deem just and fair.

DATED this 13th day of February, 2007.

                          LAW OFFICES OF
                          JOHN DAVID TERRY, II, PC

                          s/John Adrian Terry
                          John David Terry, II, WSBA #8301
                          John Adrian Terry, WSBA #37515
                          Attorneys for Farrell Brayer

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the parties in the above case, including:

Keelin A. Curran & Zahraa Wilkinson
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101

Paul Drachler
Douglas, Drachler & McKee LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101

Dated this 13th day of February, 2007 at Federal Way, Washington

                LAW OFFICES OF
                JOHN DAVID TERRY, II, P.C.


                s/John Adrian Terry
                John David Terry, II, WSBA #8301
                John Adrian Terry, WSBA #37515

                33515 10th Place South, Building 10
                Federal Way, WA 98003
                (253) 946-4323
                (253) 838-1105 FAX

PLAINTIFF'S SECOND AMENDED COMPLAINT FOR DAMAGES - PAGE - 17

Law Offices of
John David Terry, II, P.C.
33515 – 10th Pl. S., Bldg. 10
Federal Way, WA 98003
Phone: 253-946-4323  Fax: 253-838-1105