HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FARRELL BRAYER,

    Plaintiff,

v.

ST. CLARE HOSPITAL, FRANCISCAN HEALTH SYSTEMS, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 1199 NORTHWEST, SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 6 STAFF UNION,

    Defendants.

Case No. C06-5291 RBL

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)

## I. INTRODUCTION

THIS MATTER comes before the Court on Motions to Dismiss by Defendants St. Clare Hospital, Franciscan Health Systems, SEIU 1199 NW, and SEIU Local 6 under FRCP 12(b).

Defendants St. Clare Hospital and Franciscan Health Systems ("St. Clare") move to dismiss Counts 1 and 3 of Plaintiff Brayer's Second Amended Complaint with prejudice and Count 4 with prejudice to the extent it asserts a claim against St. Clare for breach of the medical leave provisions of the Collective Bargaining Agreement (CBA).[1] With regard to Count 1, breach of contract, St. Clare argues that the applicable six month

---

[1] St. Clare's and the Unions' Motions to Dismiss were based on Brayer's Amended Complaint. In the Amended Complaint, Brayer included the following causes of action: Count 1, Breach of Contract against St. Clare; Count 2, Breach of Duty of Fair Representation against the Unions; Count 3, a claim against St. Clare for allegedly violating Brayer's free speech and free association rights under the First Amendment and the Labor Management Reporting and Disclosure Act; Count 4, a claim for emotional distress against both St. Clare and the Unions; Count 5, a claim against St. Clare for violations of the Family Medical

limitations period bars Brayer's Labor Management Relations Act (LMRA) claim. With regard to Count 3, a claim for emotional distress, St. Clare argues that the claim as alleged is an element of damages for St. Clare's alleged breach of the CBA and is thus preempted by Section 301 of the LMRA. Consequently, St. Clare argues the claim is barred by the applicable six month limitations period. With regard to Count 4, which asserts a cause of action against St. Clare for violating both the Family Medical Leave Act (FMLA) and the medical leave provisions of the CBA, St. Clare argues that the cause of action under the CBA is time-barred. St. Clare does not ask this Court to dismiss the FMLA claim.

Defendants SEIU 1199 NW and SEIU Local 6 ("Unions") move to dismiss Counts 2 and 3 of Brayer's Complaint with prejudice. Count 2 alleges that the Unions breached their duty of fair representation, and Count 3 alleges that the Unions' actions cased Brayer emotional distress. The Unions argue that the applicable six month statute of limitations bars both claims.

Brayer responds by asking this Court to deny the Defendants' Motions to Dismiss and grant her leave to amend her complaint. She argues that (1) she has not had sufficient opportunity to conduct discovery; (2) Defendants' statements to the NLRB that they would resume processing Brayer's allegations through the contractual grievance procedure constituted a waiver of the statute of limitation defense; (3) even if Brayer's complaint was filed outside the statute of limitations, the Court should equitably toll the statute of limitations and allow Brayer to proceed with her complaint against Defendants; (4) an issue of fact exists as to whether Brayer, St. Clare, and/or the Unions had a contractual relationship with one another; (5) Local 6 failed to file an answer to Brayer's Complaint and thus does not have standing to bring or join the Unions' Motion to Dismiss; and (6) St. Clare's and the Unions' actions constitute continuing violations of the CBA, thus extending the applicable statute of limitations.[2]

---

Leave Act; and Count 6, a claim against St. Clare for wrongful denial of unemployment benefits. St. Clare moved to dismiss Counts 1, 3, and 6, and Count 4 to the extent it asserted a claim against St. Clare. The Unions moved to dismiss Counts 2 and 4. Because the legal bases for some of these causes of action were unclear, the Court requested that Brayer file a Second Amended Complaint clarifying her causes of action. In the Second Amended Complaint, Brayer not only provided the requested clarification, she also eliminated Counts 3 and 6; added a claim against the Unions for violations of the FMLA and medical leave provisions of the CBA; and added a claim against St. Clare for violations of the medical leave provisions of the CBA. As a result, the Counts were renumbered, and the Court's discussion in this Order is based on Brayer's Second Amended Complaint.

[2] Brayer also argues that she maintains her cause of action under the Family Medical Leave Act. This argument has no relevance to the Motions before the Court, as the Defendants have not asked this Court to dismiss Brayer's FMLA claim.

ORDER
Page - 2

## II. FACTUAL BACKGROUND

Farrell Brayer worked at St. Clare/Franciscan/Catholic Health Initiatives ("St. Clare") as a respiratory therapist from 1987- November 14, 2003. The Unions represented certain St. Clare employees, including Brayer, and her employment was subject to a CBA. The CBA required that St. Clare terminate employees only "for cause."

While working at St. Clare, Brayer volunteered to serve as the Union Shop Steward for the Unions. In or around 2001, Brayer claims she began to suffer from disparate and hostile treatment from her supervisor. Brayer contacted both St. Clare's Human Resources Department and the Unions to raise her concerns, but neither took any action.

During this period, Brayer began wearing a pin representing her union membership. Brayer claims she suffered from further mistreatment due to her association with the Unions and her displaying the pin, and she claims she was sent home from work for wearing the pin for what St. Clare characterized as a "dress code" violation.

Brayer claims that her supervisor wanted to terminate Brayer's employment for reasons other than Brayer's performance. Brayer continued to complain about this disparate treatment, but St. Clare's Human Resources Department and the Unions still took no action.

After numerous "unsatisfactory" performance warnings and infractions related to wearing the union pin, Brayer claims she was forced to sign a "Last Chance Agreement" in October 2003. Brayer claims the Unions failed to take adequate steps to protect her interests leading up to her signing the Last Chance Agreement.

In November 2003, Brayer claims she encountered a patient in the hospital who was suffering unnecessarily because of treatment he/she received from an inexperienced student nurse. Brayer instructed the student nurse to provide certain treatment to the patient, but the student nurse refused. Brayer then provided the treatment herself and informed the student nurse that her conduct was "improper and unacceptable." Based on this interaction with the student nurse and the patient, St. Clare terminated Brayer's employment. The Last Chance Agreement Brayer signed required her to act in a way that was consistent with St. Clare's Core Values and Brayer's job description, and St. Clare determined that Brayer's interactions with the patient and student nurse failed to satisfy this standard.

1   Brayer then filed another grievance with the Unions regarding her termination, alleging that St. Clare
2   breached the CBA. On December 2, 2003, the Unions found that St. Clare did not violate the CBA.

3   Brayer claims she has been in repeated and constant contact with the National Labor Relations Board
4   (NLRB) regarding these alleged unfair labor practices. On December 8, 2005, the NLRB sent Brayer a letter
5   stating that St. Clare and the Unions had agreed to resume processing her allegations under the grievance
6   procedure contained in the CBA.

7   Brayer filed the present lawsuit in this Court on May 30, 2006.

## III. ANALYSIS

Duty of Fair Representation (Count 2)

All parties agree that Plaintiff's claim for breach of duty of fair representation has a six month statute of limitations, *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 155 (1983), and that the limitations period for such a claim begins to run when the employee knows or should know of the union action that is the basis of the claim for breach of duty of fair representation, *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986).

Plaintiff learned on December 2, 2003, that the Unions determined St. Clare did not violate the CBA in terminating Plaintiff's employment. Thus, it was on this date that the statute of limitations began to run on Plaintiff's breach of duty of fair representation claim. Plaintiff did not file the present lawsuit until May 30, 2006, well after the six month limitations period expired.

Plaintiff cites no legal authority for her argument that St. Clare's and the Unions' decision to resume processing her complaint under the grievance-arbitration process served as a waiver of the Unions' statute of limitations defense. Thus, this argument is without merit.

Similarly, Plaintiff cites no legal authority for her argument that the Court should equitably toll the statute of limitations. The Ninth Circuit has rejected the argument that filing an action with the NLRB suspends the limitations period and provides a basis for equitable tolling in duty of fair representation cases. *Conley v. Int'l Bhd. of Elec. Workers, Local 639*, 810 F.2d 913, 915 (9th Cir. 1987). "Equitable tolling is most appropriate when the plaintiff is required to avail himself of an alternative course of action as a precondition to filing suit . . . . [T]he filing of the NLRB action was merely optional." *Id.* at 915–16. Brayer presents no evidence as to why she was unable to file a lawsuit within the limitations period.

Finally, Plaintiff's argument that the Unions' failure to process her grievances constituted continuing violations, thus extending the limitations period, is wholly without merit. The Ninth Circuit has rejected the theory of continuing breach as a means of extending the limitations period. *See Harper v. San Diego Transit Corp.*, 764 F.2d 663, 669 (9th Cir. 1985).

Although Local 6 did not file an Answer to the Amended Complaint until January 26, 2007, the same day it filed its Reply in support of its Motion to Dismiss, Plaintiff cites no legal authority for her argument that failure to file an Answer precludes filing a Motion to Dismiss. In fact, FRCP 12(b) allows defendants to raise the present defenses in a motion, rather than in an answer.

Because Brayer failed to file her Complaint within the six month limitations period, Count 2, Breach of Duty of Fair Representation, is dismissed with prejudice.

Breach of Contract (Count 1)

Plaintiff's claim against St. Clare for breach of the CBA also has a six month limitations period. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 155 (1983). Whether Brayer's cause of action accrued on November 14, 2003 (the date St. Clare fired her) or on December 2, 2003 (the date the Unions withdrew her grievance for lack of merit) Brayer's Complaint was filed outside the six month limitations period. She did not file her Complaint until May 30, 2006. Thus, Count 1 is dismissed with prejudice.

For the reasons discussed under Count 2, Brayer's arguments as to St. Clare's decision to resume processing Brayer's complaint through the collective bargaining process; equitable tolling; and continuing violations of the CBA are without merit.

Emotional Distress (Count 3)

The Unions and St. Clare ask the Court to dismiss Count 3, arguing that the claim was filed outside of the limitation period. Brayer claims that the Unions caused her emotional distress by failing to process her grievance as required by the CBA. She does not allege that the Unions acted "outrageously" in any other respect; she claims only that the Unions' failure to process her grievance, i.e. the Union's violation of the CBA, caused her emotional distress. Similarly, Brayer claims that St. Clare caused her emotional distress by intentionally violating the CBA. Because this cause of action is an element of both Brayer's breach of contract and duty of representation claims, it is preempted by § 301 of the LMRA. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983). Thus, this cause of action is subject to the six month

limitations period applicable to Brayer's breach of contract and duty of fair representation claims. As discussed above, Brayer failed to file her Complaint within the limitations period. Count 3 is therefore dismissed with prejudice.

<u>Medical Leave Provisions of CBA (Count 4)</u>

For the reasons explained above, to the extent Brayer asserts a claim against St. Clare for breach of the CBA in Count 4, that claim is dismissed with prejudice. Brayer filed the claim outside the applicable six month limitations period. Her claim against St. Clare for alleged violations of the FMLA remain intact.

Brayer did not originally allege violations of the medical leave provisions of the CBA against the Unions. The Unions had the opportunity to respond to this new Count against them and failed to do so. Despite this failure, the Court dismisses the claims against the Unions that arise under the CBA. Just as the claim against St. Clare is barred by the statute of limitations, so is the claim against the Unions. The FMLA claim against the Unions remains intact.

### IV. CONCLUSION

For the reasons stated above, St. Clare's Motion to Dismiss Counts 1 and 3 of Plaintiff's Second Amended Complaint Pursuant to FRCP 12(b) with prejudice is GRANTED. St. Clare's Motion to Dismiss Count 4 with prejudice to the extent it asserts a violation of the medical leave provisions of the CBA against St. Clare is likewise GRANTED. The Unions' Motion to Dismiss Counts 2 and 3 of Plaintiff's Second Amended Complaint Pursuant to FRCP 12(b) with prejudice is GRANTED. The Court also dismisses Count 4 to the extent it asserts a claim against the Unions for violations of the medical leave provisions in the CBA. Brayer's claim against the Unions for violations of the FMLA remains intact.

DATED this 2nd day of March, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE